**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAMAR PARIS, | : | Civil No. 3:26-cv-1434 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN, FCI-LEWISBURG, | : | |
| Respondent | : | |

# MEMORANDUM

On or about May 19, 2026, Petitioner Lamar Paris ("Paris") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Paris alleges that the Federal Bureau of Prisons ("BOP") incorrectly calculated his First Step Act ("FSA") and Second Chance Act ("SCA") time credits. (*Id.*). For the reasons that follow, the Court will deny the habeas petition.

## I. Background

### A. Paris' Criminal History

Paris is serving an 87-month term of imprisonment, and a four-year term of supervision, imposed by the United States District Court for the Eastern District of Tennessee for conspiracy to distribute 50 grams or more of methamphetamine. (Doc. 8-2, Declaration of BOP Case Manager Jacoby Foresman ("Foresman Decl."), at 2 ¶ 3; Doc. 8-3, Public Information Inmate Data). According to BOP documentation submitted by Respondent, Paris' projected release date is September 29, 2027, via FSA and conditional

Residential Drug Abuse Program ("RDAP") release. (*Id.*). However, a review of the BOP's inmate locator indicates that Paris' projected release date is now August 30, 2027.[1]

B. Administrative Remedy History

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Paris filed six administrative remedies. (Doc. 8-2, Foresman Decl. at 3 ¶ 5; Doc. 8-4, Administrative Remedy Generalized Retrieval; Doc. 10-3, Administrative Remedy Generalized Retrieval). Those administrative remedies are as follows.

On October 10, 2025, Paris filed administrative remedy 1257151-F1 with the institution, requesting to be awarded FSA credits. (Doc. 8-4, at 3). On that same date, the institution rejected the remedy as illegible and advised Paris to resubmit his remedy within five days of the rejection notice. (*Id.*; Doc. 10-2, Declaration of BOP Executive Assistant James Moroney ("Moroney Decl."), at 3 ¶ 6). (*Id.*). Paris never resubmitted his filing, and he did not appeal to the Regional or Central Offices. (*See id.*).

On November 5, 2025, Paris filed administrative remedy 1259389-F1 with the institution, requesting that "credits be calculated accordingly." (Doc. 8-4, at 3). The institution rejected the remedy as illegible and advised Paris to resubmit his remedy within five days of the rejection notice. (*Id.*; Doc. 10-2, Moroney Decl. at 3 ¶ 7). On November 12, 2025, Paris resubmitted administrative remedy 1259389-F2 with the institution, again

---

1 *See* Federal Bureau of Prisons' Inmate Locator, https://www.bop.gov/inmateloc/ (searching Inmate Number 39553-510) (last visited Aug. 3, 2026).

requesting that "credits be calculated accordingly." (Doc. 8-4, at 4). The remedy was closed on November 19, 2025, and a response was provided for information/explanation purposes only. (*Id.*; Doc. 10-2, Moroney Decl. at 3 ¶ 8).

On December 1, 2025, Paris filed an appeal to the Regional Office, designated as administrative remedy 1259389-R1. (Doc. 8-4, at 4). The remedy was closed on February 20, 2026, and a response was provided for information/explanation purposes only. (*Id.*; Doc. 10-2, Moroney Decl. at 3 ¶ 9).

On February 18, 2026, Paris filed an appeal to the Central Office, designated as administrative remedy 1259389-A1. (Doc. 8-4, at 5). On March 17, 2026, the Central Office rejected the remedy for failing to provide a copy of the BP-9 and BP-10 and advised Paris to resubmit his filing within 15 days. (*Id.*; Doc. 10-2, Moroney Decl. at 3 ¶ 10).

On May 13, 2026, Paris resubmitted his appeal to the Central Office, designated as administrative remedy 1259389-A2. (Doc. 8-4, at 5). On July 16, 2026, the Central Office's denied the appeal. (Doc. 10-3, at 5; Doc. 10-2, Moroney Decl. at 3 ¶ 11).

C. <u>Claims Raised in the Habeas Petition</u>

In his Section 2241 petition, Paris argues that he should be entitled to the application of "prospective", unearned credits, and that he should have been referred for prerelease placement to occur on August 9, 2026. (Doc. 1, at 4, 9). Respondent contends that the Section 2241 petition must be dismissed because Paris failed to exhaust his administrative remedies by filing his habeas petition before the Central Office issued its decision on July

16, 2026. (Doc. 8, at 3-6; Doc. 10). Alternatively, Respondent argues that the petition must be denied because Paris has no right to prerelease custody, FSA credits are "earn as you go" and Paris has no right to prospective credits, his credits have been correctly calculated and applied, his request for transfer to prerelease custody is premature, and the BOP is responsible for designating the place for a prisoner's imprisonment. (Doc. 8, at 6-16).

Paris was put on notice of Respondent's arguments, and he had an opportunity to present arguments on his behalf in his reply. Paris chose not to file a traverse. Accordingly, the petition is ripe for disposition.

## II. Discussion

### A. Exhaustion

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw*, 682 F.2d at 1052). Exhaustion is also excused when it would be futile. *See Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see also Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear a nd positive showing' of futility before the District Court." *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

To exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate

shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

As set forth above, the record reflects that Paris filed the following administrative remedies.

On October 10, 2025, Paris filed administrative remedy 1257151-F1 with the institution, requesting to be awarded FSA credits. (Doc. 8-4, at 3). On that same date, the institution rejected the remedy as illegible and advised Paris to resubmit his remedy. (*Id.*; Doc. 10-2, Declaration of BOP Executive Assistant James Moroney ("Moroney Decl."), at 3 ¶ 6). (*Id.*). Paris did not resubmit his filing. (*See id.*).

On November 5, 2025, Paris filed administrative remedy 1259389-F1 with the institution, requesting that "credits be calculated accordingly." (Doc. 8-4, at 3). The institution rejected the remedy as illegible and advised Paris to resubmit his remedy within five days of the rejection notice. (*Id.*; Doc. 10-2, Moroney Decl. at 3 ¶ 7). On November 12, 2025, Paris resubmitted administrative remedy 1259389-F2 with the institution, again requesting that "credits be calculated accordingly." (Doc. 8-4, at 4). The remedy was closed on November 19, 2025, and a response was provided for information/explanation purposes only. (*Id.*; Doc. 10-2, Moroney Decl. at 3 ¶ 8).

On December 1, 2025, Paris filed an appeal to the Regional Office (administrative remedy 1259389-R1). (Doc. 8-4, at 4). On February 20, 2026, the Regional Office closed the remedy, and a response was provided for information/explanation purposes only. (*Id.*; Doc. 10-2, Moroney Decl. at 3 ¶ 9).

On February 18, 2026, Paris filed an appeal to the Central Office (administrative remedy 1259389-A1). (Doc. 8-4, at 5). On March 17, 2026, the Central Office rejected the remedy for failing to provide proper copies and advised Paris to resubmit his filing. (*Id.*; Doc. 10-2, Moroney Decl. at 3 ¶ 10). On May 13, 2026, Paris resubmitted his appeal to the Central Office (administrative remedy 1259389-A2). (Doc. 8-4, at 5). On July 16, 2026, the Central Office's denied the appeal. (Doc. 10-3, at 5; Doc. 10-2, Moroney Decl. at 3 ¶ 11).

Respondent acknowledges that Paris has now completed the BOP's administrative remedy process through all stages of review, but argues that his petition should be dismissed for failure to exhaust administrative remedies because he did not wait for a final denial from the BOP's Central Office before filing this case. (Doc. 10).

Although Paris filed his habeas petition before the Central Office's deadline to issue a decision expired, the Court will excuse this failure to comply with the procedure because the remedy for such a failure would be dismissal of this petition without prejudice for failure to exhaust administrative remedies. Given that Paris would be able to immediately refile the petition, the Court finds that allowing the instant case to proceed advances the interest of judicial economy and conserves the parties' resources.

B. Jurisdiction

Paris is challenging the BOP's alleged failure to refer him for prerelease placement and argues that he should have already been referred for prerelease placement to occur on August 9, 2026. (Doc. 1, at 4, 9). However, this Section 2241 challenge, which implicates the execution of his sentence (i.e., where the remainder of his sentence is served), is not cognizable on habeas review.

The core of habeas corpus usually involves a challenge to the fact or duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 500 (1973). In *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that—in addition to the fact or duration of confinement—prisoners may also challenge the "execution" of their sentences in a petition under 28 U.S.C. § 2241. *See Woodall*, 432 F.3d at 241-44. The *Woodall* Court acknowledged that "the precise meaning of 'execution of the sentence' is hazy." *Id.* at 242.

In *Cardona v. Bledsoe*, 681 F.3d 533 (3d Cir. 2012), the Court of Appeals clarified the jurisdictional boundaries for execution-of-sentence habeas challenges. In *Cardona*, the Third Circuit considered whether a claim challenging the BOP's decision to transfer the petitioner to the Special Management Unit—a highly restrictive form of confinement—was cognizable in a Section 2241 habeas petition as a claim challenging the execution of the petitioner's sentence. *Cardona*, 681 F.3d at 535-37. The court summarized two earlier Third Circuit cases that analyzed what claims could be brought to challenge the execution of

a sentence under Section 2241—*Woodall* and *McGee v. Martinez*, 627 F.3d 933 (3d Cir. 2010). The court reasoned that the claims at issue in *Woodall* and *McGee* were cognizable because they "both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment." *Cardona*, 681 F.3d at 536. "That is, both petitions claimed that the BOP was not properly 'put[ting] into effect or carry[ing] out' the directives of the sentencing judgment." *Id.* (quoting *Woodall*, 432 F.3d at 243). The court in *Cardona* thus held, "[i]n order to challenge the execution of [a] sentence under § 2241, [a petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Id.* at 537. Because the petitioner's claim did not argue that such an inconsistency was present, the court found that he was not properly challenging the "execution" of his sentence and held that it was not a cognizable Section 2241 habeas claim. *Id.* at 537, 538.

Similarly, Paris has not alleged that the BOP's conduct regarding prerelease custody is inconsistent with an express command or recommendation in his judgment of sentence. Paris' sentencing judgment does not address or discuss prerelease custody. *See United States v. Paris*, No. 2:24-cr-4, Doc. 91 (E.D. Tenn.). Accordingly, Paris' habeas petition does not properly challenge the "execution" of his sentence, and this Court lacks jurisdiction over his claim. *See Cardona*, 681 F.3d at 537, 538. As such, the Section 2241 petition must be dismissed.

C. Merits—Paris Has No Right to Prerelease Custody

Assuming that this Court has jurisdiction over Paris' claim, the petition fails on the merits.

Transfer of BOP prisoners to prerelease custody is governed by 18 U.S.C. § 3624 and 18 U.S.C. § 3621. Section 3624 states, in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The decision whether to transfer an inmate to prerelease custody, however, is left to the discretion of the BOP. 18 U.S.C. § 3624(c)(4). When exercising this discretion, the BOP must conduct an individualized assessment of whether an inmate should be transferred to prerelease custody based on five factors. 18 U.S.C. § 3621(b); *Woodall*, 432 F.3d at 247.

According to the FSA time credit assessment provided to the Court, Paris' FSA conditional placement date is December 18, 2027. (Doc. 8-5). And, according to Respondent, inmates are generally reviewed for such placement 17-19 months prior to their FSA conditional placement date. (Doc. 8-2, Foresman Decl. at 3 ¶ 7). Paris' Unit Team has not yet given him individualized consideration consistent with the five factors of § 3621(b), as he currently falls within the timeframe to conduct a review. (Doc. 8-5; Doc. 8-2,

Foresman Decl. at 3 ¶ 7). Because Paris has not yet been reviewed or referred for placement in prerelease custody, his claim for an earlier placement is not ripe for review. However, any purported disagreement with the BOP's forthcoming recommendation does not establish a cognizable claim under Section 2241, as nothing in Section 3624 or Section 3621(b) entitles an inmate to any guaranteed placement in prerelease custody. *See Woodall*, 432 F.3d at 244-51 (holding, in exercising its discretion to make halfway house placement decisions, the Bureau must consider the factors set forth in § 3621(b); "[h]owever, that the [Bureau] may assign a prisoner to a halfway house does not mean that it must."); *see also Beckley v. Miner*, 125 F. App'x 385, 389 (3d Cir. 2005) (holding, "[i]t is well settled, and the parties agree, that the Bureau has nearly exclusive jurisdiction to classify and transfer prisoners.").

## III. Conclusion

For the foregoing reasons, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: August 3, 2026